IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. FERRON,

               Plaintiff,

      vs.                            Civil Action 2:06-CV-453
                                       Judge Watson
                                       Magistrate Judge King

ECHOSTAR SATELLITE, LLC,
*et al.*,

               Defendants.

<u>OPINION AND ORDER</u>

Plaintiff alleges that defendants transmitted email messages to his account in violation of Ohio law.  Plaintiff asserts claims under O.R.C. § 1345.01 *et seq.* and § 2307.64 *et seq.*  This matter is before the Court on *Motion of Defendants Echostar Satellite LLC and E-Management Group, Inc. for Reconsideration of Order Denying Motion for an Extension of Time to Disclose Experts*, Doc. No. 79 ("*Defendants' Motion for Reconsideration*").  For the reasons set forth below, *Defendants' Motion for Reconsideration* is **GRANTED**.

I.    **BACKGROUND**

Defendants EchoStar Satellite LLC and E-Management Group, Inc. (collectively, "the moving defendants") previously moved for an extension of the date by which to make expert designations to a date after their inspection of plaintiff's computers.  *See Motion of Defendants EchoStar Satellite LLC and E-Management Group, Inc. for an Extension of Time to Disclose Experts*, Doc. No. 43.  On June 4, 2007, the Court determined that defendants "have not yet established either that the information sought from plaintiff's computers falls within the ambit of discoverable information, *see* F.R. Civ. P. 26(b), or

that, if so, such information is not already available to them in the format provided by plaintiff." *Order*, Doc. No. 56. Accordingly, the Court ordered "that, if they intend to pursue the motion, [the moving defendants] must supplement the motion, providing all appropriate expert advice, no later than July 16, 2007." *Id.*

On July 16, 2007, the moving defendants filed *Supplemental Memorandum of Defendants Echostar Satellite LLC and E-Management Group, Inc. in Support of Motion for an Extension of Time to Disclose Experts*, Doc. No. 65 ("*Supplemental Memo.*"). Plaintiff filed an opposition to the moving defendants' *Supplemental Memo. See Plaintiff's Memorandum in Opposition to Supplemental Memorandum of Defendants Echostar Satellite LLC and E-Management Group, Inc. in Support of Motion for an Extension of Time to Disclose Experts*, Doc. No. 69 ("*Memo. in Opp. to Supp. Memo.*"). On August 2, 2007, the Court denied the moving defendants' request for an extension of time, stating that "Defendants have not supplemented the motion and the Court therefore concludes that defendants do not wish to pursue the motion." *Order*, Doc. No. 74 ("the *Order*").

The moving defendants now request that the Court reconsider the *Order* because the Court issued the *Order* without first considering the *Supplemental Memo. See Motion for Reconsideration*, pp. 1, 4-5. The moving defendants contend that their requested extension should be granted for two reasons. First, the moving defendants argue that their requested extension of the discovery deadline and expert disclosure deadline would simply conform to the deadlines afforded to newly added parties to the lawsuit. *Supplemental Memo.*, pp. 2-3. Second, the moving defendants contend that the information they seek

2

on plaintiff's computers is relevant to the claims and defenses asserted in this case and is thus discoverable under Fed. R. Civ. P. 26(b).  *Id*. at 3-14.  More particularly, the moving defendants believe that plaintiff's computers contain the following electronically stored information ("ESI") that is not available on the CD-ROMs previously produced by plaintiff:

1. Plaintiff's original email messages and other files, in their native format, and in the actual place in which they are stored on Plaintiff's home and/or office computers (*e.g.*, Microsoft Outlook folders and subfolders);

2. Evidence of Plaintiff's receipt, filtering, sorting, and storing the subject emails on his computers;

3. Evidence of Plaintiff's admitted practice of visiting various websites relating to DISH Network products and services;

4. Evidence of Plaintiff's admitted practice of entering his name, email address, and/or other information into those websites;

5. Evidence of Plaintiff's admitted practice of using fictitious names to track commercial emails he receives;

6. Evidence that Plaintiff received one or more emails as a result of entering his email address into such websites.

*Supplemental Memo.*, p. 4.  The moving defendants contend that this information is relevant because it relates to plaintiff's claim that he is a consumer within the meaning of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. §1345.01,[1] and to the moving defendants'

---

[1]The CSPA defines the following:

(A) "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not

defense that plaintiff does not qualify as a consumer under the CSPA. *Id.* at 7-9. In this regard, the moving defendants challenge plaintiff's characterization of the transactions at issue as "consumer transactions" within the ambit of the CSPA because plaintiff "has developed a scheme aimed at receiving, gathering, sorting, and storing huge volumes of emails for the sole purpose of formulating and asserting CSPA claims against companies such as Defendants whose names may appear in those emails." *Id.* The moving defendants also argue that this information, which is otherwise unavailable to them, is also relevant to their defense to plaintiff's new claim under the Ohio Electronic Mail Advertisement Act, R.C. §2307.64 ["OEMAA"]. *Id.* at

---

include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions between certified public accountants or public accountants and their clients; transactions between attorneys, physicians, or dentists and their clients or patients; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services.

(B) "Person" includes an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity.

(C) "Supplier" means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. If the consumer transaction is in connection with a residential mortgage, "supplier" does not include an assignee or purchaser of the loan for value, except as otherwise provided in section 1345.091 [1345.09.1] of the Revised Code. For purposes of this division, in a consumer transaction in connection with a residential mortgage, "seller" means a loan officer, mortgage broker, or nonbank mortgage lender.

(D) "Consumer" means a person who engages in a consumer transaction with a supplier.

R.C. §1345.01.

4

10-14.  More specifically, the moving defendants intend to invoke one or more of the statutory exceptions under the OEMAA including a defense based on plaintiff's alleged preexisting business relationship[2] with one or more of the email senders and on plaintiff's alleged consent to receive the subject emails.  *Id.* at 10-11.

In response, plaintiff contends that the moving defendants' request for reconsideration and for an extension of time should be denied for several reasons.  *See Plaintiff's Memorandum in Opposition to Motion of Defendants Echostar Satellite LLC and E-Management Group, Inc. for Reconsideration of Order Denying Motion for an Extension of Time to Disclose Experts*, Doc. No. 91 ("*Memo. in Opp. to Motion for Reconsideration*") and *Memo. in Opp. to Supp. Memo.*  First, plaintiff disagrees with defendants' interpretation of the *Order*, arguing that the Court did in fact consider -- but rejected -- the moving defendants' *Supplemental Memo.* because it did not contain expert advice as required by the Court on June 4, 2007.  *Memo. in Opp. to Motion for Reconsideration*, pp. 3-5.  Plaintiff also contends that the moving defendants have never made a formal discovery request to inspect plaintiff's computers and that their delay in doing so is

---

[2] The Ohio Electronic Mail Advertisement Act defines "pre-existing business relationship" as follows:

> "Pre-existing business relationship" means that there was a business transaction between the initiator and the recipient of a commercial electronic mail message during the five-year period preceding the receipt of that message. A pre-existing business relationship includes a transaction involving the free provision of information, goods, or services requested by the recipient. A pre-existing business relationship does not exist after a recipient requests to be removed from the distribution lists of an initiator pursuant to division (B) of this section and a reasonable amount of time has expired since that request.

R.C. §2307.64(A)(8).

fatal. *Id.* at 2-3; *Memo. in Opp. to Supp. Memo.*, pp. 2-3, 5.  Third,
plaintiff argues that his computers contain no relevant information
beyond the emails that plaintiff has previously produced to the moving
defendants. *Id.*  In addition, plaintiff opposes an inspection of his
computers because the computers contain information protected by the
attorney-client privilege. *Memo. in Opp. to Motion for
Reconsideration*, p. 3; *Memo. in Opp. to Supp. Memo.*, pp. 2-3, 6-7.

## II.   STANDARD OF REVIEW

"District courts possess the authority and discretion to
reconsider and modify interlocutory judgments any time before final
judgment." *Rodriguez v.  Tenn. Laborers Health & Welfare Fund*, No.
02-5601, 89 Fed. Appx. 949, 952 (6th Cir.  Feb. 6, 2004). *See also
Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District
courts have inherent power to reconsider interlocutory orders and
reopen any part of a case before entry of a final judgment.").

Although the Federal Rules of Civil Procedure do not explicitly
address motions for reconsideration of interlocutory orders, the
authority for a district court to hear such motions is found in both
the common law and in Rule 54(b) of the Federal Rules of Civil
Procedure. *Rodriguez*, 89 Fed. Appx. at 959.  A district court's
authority to reconsider its previous orders has been recognized to
afford such relief as justice requires. *Id.*  Traditionally, courts
will find justification for reconsidering interlocutory orders when
there is (1) an intervening change of controlling law; (2) new
evidence available; or, (3) a need to correct a clear error or prevent
manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F.
Supp. 955, 965 (N.D. Ohio 1998)).

6

## III. DISCUSSION

As an initial matter, the Court readily admits that it overlooked, and thus did not consider, the *Supplemental Memo.* when it issued its *Order* on August 2, 2007. In addition, the Court, in issuing the *Order,* did not intend to require expert testimony to support the request for an extension. *See Order*. Accordingly, reconsideration of the moving defendants' request for an extension of time is necessary to prevent an injustice. *See*, *e.g.*, *Rodriguez*, 89 Fed. Appx. at 959.

After review of the filings in this matter, the Court concludes that the moving defendants' request for an extension of time to designate experts is well-taken.

Plaintiff testified that he receives on a daily basis hundreds, and has saved thousands, of emails at his personal and work email addresses. *Deposition of John W. Ferron* ("*Ferron Depo.*"), pp. 17-18, 28, 102-03, 295, attached as Attachment 1 to *Supplemental Memo.* He uses a Microsoft Outlook software application to sort through and maintain DISH Network emails in folders. *Id.* at 49-51, 127. Plaintiff admits that he has affirmatively contacted DISH Network retailer websites and has on occasion entered personal information, including an email address, on those websites. *Id.,* pp. 20, 190-91, 202, 214-16. Plaintiff concedes that he consented to receive some commercial emails. *Id.*, pp. 19, 190-91, 214.

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.

7

The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).  Given the broad scope of discovery under Rule 26(b), and in light of plaintiff's own testimony discussed *supra*, the Court concludes that the ESI sought by the moving defendants from plaintiff's computers is relevant to the claims and defenses asserted under the CSPA and the OEMAA.  Such information directly relates to the question of whether or not plaintiff qualifies as a "consumer" and whether the subject transactions constitute "consumer transactions" under the CSPA.  Similarly, the extent to which plaintiff may have solicited these emails relates to whether or not plaintiff and the various defendants had a pre-existing business relationship under the OEMAA.  On the record before the Court, it appears that plaintiff's computers likely contain evidence relevant to the issues in this case that is not contained on the CD-ROMs or email attachments previously produced by plaintiff to the moving defendants.

Finally, to the extent that plaintiff argues that his computers contain privileged information and are therefore not subject to discovery by the moving defendants, the Court rejects such argument.  First, the moving defendants have previously represented to this Court that they do not seek production of unrelated privileged documents. *See Reply of Defendants EchoStar Satellite LLC and E-Management Group, Inc. in Support of Motion for an Extension of Time to Disclose Experts*, Doc. No. 52, pp. 7-8.  Second, plaintiff cannot use the attorney client privilege to protect non-privileged, relevant documents from production. *Cf.*, *Kane v. News Syndicate Co., Inc.*, 1

F.R.D. 738, 741 (S.D.N.Y. 1941) (stating that the fact that counsel had possession of a document does not protect the document from production).  The Court will expect all parties to confer with a view to formulating a procedure reasonably calculated to afford to the moving defendants the discovery to which they are entitled, while at the same time protecting privileged information.

WHEREUPON, in light of the foregoing, *Motion of Defendants Echostar Satellite LLC and E-Management Group, Inc. for Reconsideration of Order Denying Motion for an Extension of Time to Disclose Experts*, Doc. No. 79, is **GRANTED**.  The case schedule previously set forth in the Court's prior *Order*, Doc. No. 99, is modified as follows: Disclosures relating to primary experts must be made by May 1, 2008.  Responsive disclosures must be made by June 1, 2008.  All discovery must be completed by July 1, 2008.  Motions for summary judgment may be filed no later than August 1, 2008.  The dates set by Judge Watson in *Order Setting Trial Date and Settlement Conference*, Doc. No. 108, remain the same.

In light of the grant of the *Motion for Reconsideration*, the Court presumes that the *Objections of Defendants EchoStar Satellite LLC and E-Management Group, Inc. to Order of Magistrate Judge Denying Motion for and Extension of Time to Disclose Experts*, Doc. No. 80, is moot and it is therefore **DISMISSED**.


February 6, 2006                    *s/Norah McCann King*
                          Norah M<sup>c</sup>Cann King
                      United States Magistrate Judge